MILLER, Judge.
Defendant The American Southern Insurance Company’s insured backed a Ville Platte city police car into plaintiff Mrs. Marjorie Jacob’s 1969 Volkswagen. All plaintiffs appeal contending that the $21 award was inadequate. We affirm.
Liability is admitted. The police car was being backed diagonally to park in a reserved police parking area. The Volkswagen was about 10 feet behind the police car when the backing maneuver began. The left rear corner of the police car bumper collided with the center part of the Volkswagen front bumper. The damage was hardly discernable and constituted a slight dent about the size of a silver dollar. The speed of the backing police car was estimated at from two to five miles per hour. The $21 award was for repairs to the front bumper.
Plaintiff Mrs. Marjorie Jacobs owned the Volkswagen which was being driven by her son Mr. Troy Jacobs. Guest passengers were Miss Sandra Jacobs and Miss Diana Lafleur. Mrs. Jacobs introduced a repair estimate listing $44.10 as the cost of *795 repairing her Volkswagen, but the estímate included repairs for damages not caused by this accident. The claim that the fender was damaged in the accident was totally disproved. Mr. Troy Jacobs admitted several times that the only damage caused by the accident was the dent in the middle of the front bumper. Tr. 37, 50, 51, 55, 66, 71.
The driver and two guest passengers sought damages in excess of $7,000 each for their respective personal injuries. Ninety-seven dollars in medical bills are claimed for Troy Jacobs, $134 for treatment of Sandra Jacobs and $204 for treatment of Diana Lafleur.
The trial court denied these claims on a finding that the evidence as to physical injuries was “unsatisfactory, unconvincing, exaggerated, conflicting and suspicious . ” And the court noted that this was putting it “mildly.”
Essentially plaintiffs claimed that they suffered whiplash type injuries. All admitted that no injuries were indicated at the time of the accident.[1] They proceeded from the scene of the accident to their scheduled Christmas Eve party. All three saw the backing police car and knew that the slight bump was coming. All three decided to see the doctor for the first time some six days post accident and all three made some of their additional visits to the doctor at the same time. There is no testimony indicating that the doctor had them disrobe or that he touched them. There is specific testimony that he did not. Tr. 108, 148, 149. The doctor’s nurse administered shots and other treatment. The doctor testified by deposition that plaintiffs had contusions over their bodies and muscle spasm, but he deduced this conclusion from the way plaintiffs described their injuries. The doctor did not say that he felt muscle spasm. In short, the doctor relied on plaintiffs’ statements that they were hurt and provided treatment for their complaints.
Typical of the exaggeration by the driver was his claim by deposition that the Volkswagen was damaged about one million dollars.
We do not find manifest error in the trial court’s determination that the personal injury claims were not attributable to this “most minor accident.” The trial judge saw and heard the witnesses. He is in the best position to judge their credibility. The written record supports the decision.
The judgment of the trial court is affirmed. Costs of this appeal are assessed to plaintiffs.
Affirmed.

. By deposition Mr. Troy Jacobs contended that he suffered immediate back pain. He also testified that he went to the doctor that same night. At trial, both statements were changed.